## McClure Ins. Agency *v.* Hudson.

5-3243 377 S. W. 2d 814

Opinion delivered April 20, 1964.

*Cole & Scott,* for appellant.

*Joe W. McCoy,* for appellee.

George Rose Smith, J. This is a suit by the appellant for specific performance of an option to buy the appellee's home in downtown Malvern. The chancellor dismissed the complaint, finding that the option could

be exercised only by the United States of America for the purpose of acquiring the property as a site for a post office.

The appellant, an incorporated insurance agency, also engages in the real estate business under the trade name McClure Real Estate. In 1962 McClure Real Estate obtained options upon four contiguous tracts, including the appellee's property, for the purpose of offering them as a unit to the United States as a site for a proposed new post office. George McClure, president of the company, testified that in taking the options he used a printed Government form so that all the options would be alike and so that they would conform to the single option that he in turn intended to submit to the Post Office Department.

The printed option form is entitled "Post Office Department Option to Purchase Land." It recites that for a consideration of one dollar (which was not paid) and other valuable considerations (not specified) Mrs. Hudson grants to the Postmaster General and his assigns an option to buy the property within 545 days for $8,000. If the use of the property for postal purposes is prohibited by covenant or by law the prohibition shall be considered a defect in the title. It is recited that the Postmaster General contemplates that a building to be used in whole or in part for postal purposes will be constructed on the property. At the end of the contract McClure typed in an additional paragraph, upon which he now relies, to the effect that the words "McClure Real Estate" should be substituted for any reference to the Postmaster General or the Post Office Department.

Mrs. Hudson testified that she signed the option with the understanding that the property was to be submitted as a post-office site. In view of the references in the contract to postal purposes we have no doubt that this was actually the intention of the parties. Even if the parties' intentions were not clear there would in any event be sufficient ambiguity in the matter to permit the introduction of Mrs. Hudson's parol evidence.

McClure in fact offered the four tracts to the Government, but the offer was rejected in December of 1962. Another site for the post office was selected. Later on, in April of 1963, McClure Real Estate attempted to exercise the option for itself, but Mrs. Hudson refused to sell. This suit followed.

We think the chancellor reached the right conclusion. The option, which appears to have been without consideration, was at most an offer to sell the property to the United States as a site for a post office. When the Government rejected the offer its action had the effect of terminating the offer, so that it could not later be accepted. Williston on Contracts (3d Ed.), § 51; Restatement, Contracts, § 35.

Corbin explains the rule in this language: "The power of acceptance created by an ordinary offer is terminated by a communicated rejection. This is true even though a definite time was given by the offeror for considering his offer and the rejection is before that time has expired. When the offeror receives a notice of rejection, he is very likely to change his position in reliance thereon; one aspect of this is that he will not think it necessary to send a notice of revocation, in those cases in which he has the power to revoke. This has led to the rule that a definite rejection terminates the offeree's power to accept." Corbin on Contracts (1963), § 94. That rule governs this case.

Affirmed.